IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELVIN ORTIZ,

      Plaintiff,

    -vs-                                      No. CIV 97-0738 JC/LFG

BRUCE BABBITT, Secretary Department of the
Interior, UNITED STATES FISH AND WILDLIFE
SERVICE, and CHARLES AULT, in his official
and individual capacity,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendants' Motion to Dismiss all claims in this case except for those claims found in Count I of the complaint, filed January 30, 1998 (Docket No. 31), and Plaintiff's Motion for Leave to File Amended Complaint, filed February 20, 1998 (Docket No. 36). The Court has reviewed the motions, memoranda and the relevant authorities. The Court finds that Defendants' Motion to Dismiss is well taken and will be granted. The Court further finds that Plaintiff's motion for leave to amend is not well taken and will be denied.

**Background**

This case arises from Plaintiff's termination from the United States Fish and Wildlife Service ("Service") after approximately 16 years of employment. Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1983 and 2000, et seq., seeking redress for national origin discrimination (Count I), intentional infliction of emotional distress (Count II), negligent infliction of emotional distress (Count III), negligent supervision under tort law of

New Mexico (Count IV), and breach of employment contract under New Mexico law (Count V). Defendants maintain Plaintiff was terminated when he could not present himself for duty because he was serving a prison sentence in Grants, New Mexico. Plaintiff alleges the Service discriminated against him because of his national origin and in retaliation for filing an EEOC complaint--denying him four weeks of leave without pay and removing Plaintiff from his position.

## Analysis

Defendants move to dismiss Counts II, III, IV and V pursuant to Fed. R. Civ. P. 12(b) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Defendants also move to dismiss the claims against the Service and Charles Ault because Defendant Bruce Babbitt, Secretary of the Department of the Interior, is the only proper defendant.

**A.    Exclusivity of Title VII for Discrimination
         Against Federal Employees**

Plaintiff agrees to withdraw Counts II, III and V of the original complaint; therefore, those counts will be dismissed. However, Plaintiff asserts Count IV survives as a state tort claim against Charles Ault, individually, and that this Court may exercise pendent jurisdiction over Count IV. Defendants contend that Title VII provides the exclusive remedy for Plaintiff's claims of discrimination, and, therefore, all of Plaintiff's claims other than those brought under Title VII, including Count IV, should be dismissed. In support of their argument, Defendants rely on Brown v. GSA, 425 U.S. 820, 834 (1976).

In Brown, the Supreme Court addressed the issue of whether a plaintiff can bring separate claims in addition to a Title VII claim for alleged discrimination in federal employment. 425 U.S. at 821. The Supreme Court held Title VII provides "the exclusive judicial remedy available for claims

of discrimination in federal employment." Id. at 835.  The Court noted that the legislative history and the structure of the1972 amendment to the 1964 Civil Rights Act "fully confirms the conclusion that Congress intended it to be exclusive and pre-emptive." Id. at 828-29.  Rejecting the plaintiff's contention that section 717(c) of Title VII, 42 U.S.C. § 2000e-16(c) was designed merely to supplement other putative judicial relief, the Court would not be persuaded that Congress designed the statute, with its careful and thorough remedial scheme, to be "circumvented by artful pleading." Id.  Title VII is Plaintiff's exclusive remedy for the alleged discrimination he suffered at the hand of his federal employer.

**B.    State Law Claims**

Plaintiff moves for leave to file a first amended complaint in order to add four individual defendants and a common law civil conspiracy complaint pursuant to New Mexico law.  Plaintiff argues that the state claims against individual defendants are not precluded by Title VII if their acts were outside the scope of their employment.

Plaintiff has moved to amend his original complaint in order to circumvent the exclusivity of Title VII for federal employees.  Motions to amend are committed to the trial court's discretion. Walker v. Elbert, 75 F.3d 592, 599 (10th Cir. 1996); Schepp v. Fremont County, 900 F.2d 1448, 1451 (10th Cir.1990).  Leave to amend should be freely given based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party.  Villa v. City of Chicago, 924 F.2d 629, 632 (7th Cir.1991) (citing Foman v. Davis, 371 U.S. 178, 183 (1962)).  Although Fed. R. Civ. P. 15(a) requires leave to amend be given freely, that requirement does not apply where an amendment obviously would be futile.  T.V. Communications Network, Inc. v. Turner Network Television, Inc., 964 F.2d 1022, 1028

(10th Cir.1992) (citations omitted).  Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.  Id.

On October 31, 1997, I entered an order dismissing claims set forth in the complaint against individual Defendant Ault and substituting the United States as Defendant with respect to Count II, Count III, Count IV, and Count V.  The United States filed a Notice of Substitution on October 14, 1997, and attached United States Attorney John J. Kelly's certification that Defendant Ault was acting in the course and scope of his employment at the time of the conduct alleged in the complaint. Plaintiff is correct that this certification does not conclusively establish as correct the substitution of the United States as defendant in place of the employee--the statute allows petitioners to present to the District Court their objections to the scope-of-employment certification.  See Martinez v. Lamango, 515 U.S. 417 (1995).  However, Plaintiff never presented objections to the certification. Instead, three months after I entered the Order substituting the United States as Defendant, Plaintiff contends that 1) Defendant Ault is individually liable under Title VII; and, 2) Defendant Ault is liable under the laws of New Mexico for common law conspiracy and negligent supervision insofar as he acted outside the scope of his employment.

Tenth Circuit precedent dictates that individual defendants are immune from suit under Title VII.  See Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996) ("we continue to adhere to this court's established . . . rule that personal capacity suits against individual supervisors are inappropriate under Title VII").  I cannot second-guess Tenth Circuit precedent and apply the "garden variety" principles of agency to allow individual Title VII liability against Ault, Plaintiff's supervisor.

Moreover, Plaintiff has failed to plead claims sufficiently distinct from his employment discrimination claims to avoid Title VII's exclusive remedy.  Cf. Irwin v. Veterans Admin., 874 F.2d 1092, 1095) (5th Cir. 1989) (citing Brown, 425 U.S. at 835).  Even in Plaintiff's proposed first amended complaint, he alleges under Count II (Negligent Supervision or Hiring) that the "racial/national origin and *associated work related harassment* . . . caused him extreme emotional distress, and although his immediate supervisors were aware of the distress and his susceptibility to it, they not only failed to stop the harassment, but were in large measure responsible for it"; and in Count III (Civil Conspiracy) that Defendants conspired to discriminate against Plaintiff.  (Pl.'s Proposed First Am. Compl. at 8) (emphasis added).  I will not allow Plaintiff to use artful pleading to circumvent the exclusive and preemptive remedy of Title VII for federal employees.

The Court finds that Plaintiff's non-Title VII claims are premised upon the identical conduct that comprises the basis for his national origin discrimination allegations.  Hence, amendment would be futile and thus, Plaintiff's request for leave to amend will be denied.

Therefore, Ault will not be renamed as a Title VII Defendant in his individual capacity. Furthermore, the only proper defendant in a Title VII claim against the federal government is the head of the agency or department concerned.  42 U.S.C. § 2000e-16(c).  As such, I will dismiss Defendant Ault, in his official capacity, and the United States Fish and Wildlife Service, leaving Bruce Babbitt, Secretary of the Department of the Interior as Defendant.  Plaintiff's state claim for negligent supervision also will be dismissed.

Wherefore,

IT IS ORDERED that Defendants' Motion to Dismiss be, and hereby is, **granted** as to Plaintiff's state law claim for intentional infliction of emotional distress (Count II), negligent infliction

of emotional distress (Count III), negligent supervision under tort law of New Mexico (Count IV), and breach of employment contract under New Mexico law (Count V).

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Amended Complaint, be and hereby is, **denied**.

IT IS FURTHER ORDERED that Defendant Ault and Defendant United States Fish and Wildlife Service are dismissed from Plaintiff's remaining Title VII claim against Bruce Babbitt, Secretary of the Department of the Interior.

DATED this 14th day of April, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:        William J. Friedman
                              Santa Fe, New Mexico

Counsel for Defendants:       Ronald F. Ross
                              Assistant U. S. Attorney
                              U. S. Attorney's Office
                              District of New Mexico
                              Albuquerque, New Mexico