## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MELVIN R. ORTIZ,

    Plaintiff,

  -vs-                                        No. CIV 97-0738 JC/LFG

BRUCE BABBITT, Secretary,
Department of Interior

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiff's Second Motion to Reconsider and to Vacate Order Granting Summary Judgment, filed April 12, 1999 *(Doc. 90)*. The Court has reviewed the motion, Plaintiff's memorandum, and the relevant authorities. The Court finds that the motion is not well taken and will be **denied**.

Plaintiff seeks to set aside the judgment entered against Plaintiff on January 29, 1999 *(Doc. 76)*. Plaintiff also requests an order reopening discovery on the grounds that a "highly material and relevant document" was not made available to Plaintiff during discovery. Plaintiff points to a Fish and Wildlife Service memorandum, dated December 22, 1998, that describes the results of a survey of employee attitudes in the Division of Realty, Plaintiff's former employment unit. Ex. 1 to Pl.'s Motion. The memorandum documents employee dissatisfaction with Division Chief Charles Ault's management style.

After reviewing the exhibit, I conclude that it has little or no relevance to this case. Plaintiff's Title VII claim is based on alleged national origin discrimination and retaliation for engaging in

activities protected under the equal employment opportunity laws. The memorandum does not present any evidence that Mr. Ault discriminates based on national origin or retaliates against employees who file equal employment opportunity complaints. Mr. Ault is not on trial for being a poor manager.

The only portion of the memorandum that could conceivably relate to my rationale in granting summary judgment for Defendant is a brief paragraph on page 4 concerning leave requests:

> Approval of leave requests seems to be different for different people. When one person submits a leave request, it gets approved right away. When another employee submits a request, it is held by the Division Chief for a long time.

This paragraph is not the "smoking gun" that Plaintiff purports it to be. Plaintiff's claim is not based on delay of his leave request by Ault. In fact, the evidence accompanying the motion for summary judgment indicated that Ault was very prompt in denying Plaintiff's two written leave requests. I cannot infer from this paragraph that there is any undisclosed evidence that Ault approves leave requests based on the requestor's national origin.

Plaintiff has not established that Defendant violated discovery rules by failing to disclose the memorandum. I note that the memorandum was prepared over three months after the September 12, 1998 close of discovery. *See* Order, July 29, 1998 *(Doc. 51)*. Therefore, Defendant's duty to supplement is governed by Rule 26(e) of the Federal Rules of Civil Procedure. Plaintiff has not shown that "in some material respect the information disclosed is incomplete or incorrect" without the memorandum, or that the response to an interrogatory, request for production, or request for admission is materially incomplete or incorrect. FED. R. CIV. P. 26(e).

I will allow Plaintiff's Exhibit 1 to Plaintiff's Second Motion to Reconsider *(Doc. 90)* to remain on the record for the purposes of any appeal.

Wherefore,

**IT IS ORDERED** that Plaintiff's Second Motion to Reconsider and to Vacate Order Granting Summary Judgment, filed April 12, 1999 *(Doc. 90),* is **denied.**

DATED this 19th day of April, 1999.

                                                                          **CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    William J. Friedman
    Santa Fe, New Mexico

Counsel for Defendant:

    Ronald F. Ross, AUSA
    U. S. Attorney's Office
    District of New Mexico
    Albuquerque, New Mexico