# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MELVIN R. ORTIZ,

       Plaintiff,

v.                                     CV 97-00738 JC/LFG

GALE A. NORTON, Secretary DEPARTMENT
OF INTERIOR, UNITED STATES and UNITED
STATES FISH AND WILDLIFE SERVICE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Counsel's Motion to Withdraw, filed February 19, 2004 (*Doc. 133*).  The Court has considered the motion, memoranda submitted by the parties, and the relevant law.  For the reasons set forth below, the Court finds the motion well taken in part and it is, therefore, granted in part.

## I.    Background

William J. Friedman, Esq. of Piper Rudnick, LLP and Phillip B. Davis, Esq. request that the Court allow them to withdraw as counsel for Plaintiff in this matter.  Mr. Friedman has been Plaintiff's counsel of record since the inception of this action with Mr. Friedman's filing of the Complaint on May 28, 1997 (*Doc. 1*).  Mr. Friedman appealed this Court's Memorandum Opinion and Order granting summary judgment in favor of Defendant, filed January 29, 1999, (*Doc. 75*) to the Tenth Circuit, which resulted in the case being reversed and remanded.  Mr. Friedman has subsequently been faced with numerous trial settings, several of which were continued at his request.

Mr. Davis entered his appearance as co-counsel in this matter on November 25, 2003

(*Doc. 122*).

The parties last came before the Court for a status conference on January 20, 2004.  A settlement conference was then set for January 29, 2004.  On the eve of the settlement conference, the parties informed the Court that they had reached an agreement independently and the settlement conference was vacated.  No formal settlement agreement was ever consummated as a result of the parties' discussions, however, and the Court instead received a letter from Defendant, dated February 10, 2004, asking the Court to reset the case for trial and schedule another status conference. Mr. Friedman and Mr. Davis subsequently filed the motion presently before the Court.

II.   **Discussion**

The Court first notes that both Plaintiff and Defendant oppose Mr. Friedman's withdrawal as counsel in this case, while neither party has raised any objection to Mr. Davis withdrawing[1].  This significant fact gives force to at least one compelling argument against allowing Mr. Friedman to withdraw and that is Mr Friedman's familiarity with the intimate details of a seven-year old case badly in need of direct resolution.  Both parties recognize the unique position Mr. Friedman occupies, as compared to that of another lawyer less familiar with all the nuances of the case from its inception such as Mr. Davis or, certainly, a yet-unknown attorney who might replace Mr. Friedman if he is allowed to withdraw.  It is this particular position that makes Mr. Friedman key in a speedy, just resolution of this already drawn out litigation.

---

[1]"Defendant "does not oppose the withdrawal of Phillip Davis, Esq."  Defendant's Opposition to Plaintiff's Counsel's Motion to Withdraw ("Def's Opposition") at 1.  Additionally, Plaintiff states that "Mr. Phillip B. Davis and Piper Rudnick, LLP have no direct obligations to me, as their relationship to this case is directly with Mr. Friedman and I have no knowledge of those terms."  Pl's Answer at 1.

Defendant points out the lack of available precedent involving an attorney's withdrawal over a client's objection.  It is settled, however, that a district court must ensure that counsel's withdrawal would not disrupt prosecution of the case.  *Whiting v. Lacara*, 187 F.3d 317 (2nd Cir. 1999).  Further, unsubstantiated claims of a conflict of interest are insufficient to form the basis for withdrawal, particularly late in the case and where the client has expressed no dissatisfaction with the representation nor requested withdrawal of counsel.  *Mekdeci v. Merrell Nat'l Labs*, 711 F.2d 1510 (11th Cir. 1983).  In this case, the client states that he "will be irreparably harmed," that "[his] interests will be materially and adversely affected" and that he believes he and Mr. Friedman "do not have irreconcilable differences."  Answer in Opposition to Plaintiff's Counsel's Motion to Withdraw ("Pl's Answer") at 2,3.

To the case against Mr. Friedman's withdrawal, the government adds that because of the unusually long duration of the case, "witnesses have aged and retired, their memories have grown dim," that both Plaintiff and Defendant will suffer prejudice if this motion is granted as to Mr. Friedman, and that allowing Mr. Friedman to withdraw at this late stage will "impede the interests of justice."  Def's Opposition at 3.

Counsel cites irreconcilable differences as the gravamen of their motion.  In that vein, counsel's reply brief reads like a substantive brief by Defendant attacking the merits of Plaintiff's case and the character of Plaintiff himself while divulging many details of the settlement discussions.  Insofar as the motion attempts to persuade the court to allow Mr. Friedman to withdraw, however, it fails.  The attorney-client differences can be reduced to this:  Mr. Freedman reached what he believed to be a settlement the terms of which were agreeable to Plaintiff.  Plaintiff  read the agreement before signing and found a term that was unacceptable.  Counsel postures this as Plaintiff

3

reneging on his agreement and refusing to sign the settling documents after "seizing on one sentence in the documents that barred him from seeking employment at the Department of Interior in the future and demanding specific compensation for that provision."   Reply at 2.   While the Court may appreciate counsel's frustration at the result, it does not consider that it rises to the level of irreconcilable differences such that Mr. Friedman's withdrawal is necessary or even warranted.

The Court is also particularly unpersuaded by counsel's argument that the Court itself observed at pretrial conference that this was "a simple case with only a few factual issues in dispute," implying that new counsel could pick up the seven-year old case and be up to speed in a jiffy.  Reply at 8, n. 2.  The observation to which counsel refers was made by the Court in the context of a discussion regarding the anticipated length of the trial and should not be attributed any significance beyond that context.  Moreover, lack of complexity of a case alone would not be sufficient to outweigh the potential harm to the parties and the administration of justice if Plaintiff were required to find new counsel at this stage of the case.

## II.   <u>Conclusion</u>

In sum, the Court finds that allowing Mr. Friedman to withdraw as counsel at this late stage of a case so desperately overdue for resolution would cause prejudice to both Plaintiff and Defendant, while the same cannot accurately be said of allowing Mr. Davis to withdraw.  Therefore, in the interest of justice and expediency, counsel's motion is granted as to Phillip B. Davis, Esq. and denied as to William J. Friedman, Esq..

4

Wherefore,

**IT IS ORDERED** that Plaintiff's Counsel's Motion to Withdraw, filed February 10, 2004

(*Doc. 133),* is granted as to Phillip B. Davis, Esq. and denied as to William J. Freedman, Esq., Piper

Rudnick, LLP.

**IT IS FURTHER ORDERED that this case shall be set for non-jury trial on Tuesday,**

**May 18, 2004 at 9:00 a.m., Cimarron Courtroom, Fifth Floor, United States Courthouse, 333**

**Lomas Boulevard, NW, Albuquerque, New Mexico.**

Dated March 31, 2004.

_____

SENIOR UNITED STATES DISTRICT JUDGE